# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2011

No. 10-60421
Summary Calendar

Lyle W. Cayce
Clerk

LILLIAM MARITZA GUADALU RIVERA-MARTINEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 796 418

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lilliam Maritza Guadalu Rivera-Martinez (Rivera), a citizen and native of El Salvador, petitions this court for review of the Board of Immigration Appeals' (BIA's) order denying as untimely her motion to reopen her removal proceedings. Rivera does not challenge the BIA's determination that her motion to reopen was untimely, but maintains that the time limitation should not apply because her motion to reopen was based on changed country conditions in El Salvador. She asserts that there were changed conditions in El Salvador since

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60421

her previous removal hearing, in which she was ordered removed in absentia, because the threats against her and her family by members of the Mara Salvatrucha ("MS") gang have escalated; the MS member against whom her brother testified has been released from prison; and another family has been threatened for testimony in the same case.

An alien is not bound by the time limitation for filing a motion to reopen if her request for asylum or withholding of removal "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). The evidence submitted by Rivera, however, did not show a change in conditions in El Salvador since the time of her removal hearing.  Instead, the evidence showed that Rivera was threatened by MS gang members before and after her removal hearing and that gang violence has always affected Salvadoran citizens, not just Rivera.

Thus, the BIA did not abuse its discretion in determining that Rivera had not established changed country conditions and that her motion to reopen was, therefore, untimely. *See Panjwani v. Gonzales*, 401 F.3d 626, 632-33 (5th Cir.2005).  Accordingly, we decline to address Rivera's arguments that she established prima facie eligibility for asylum or withholding of removal. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002).  Furthermore, by failing to brief her claim regarding the Immigration Court's denial of her motion to rescind her in absentia removal order and her claim regarding the BIA's denial of her request for protection under the Convention Against Torture, Rivera has abandoned them. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)).

PETITION DENIED.